[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 28, 2005
THOMAS K. KAHN
CLERK

No. 05-12342
Non-Argument Calendar
_____

BIA Agency No. A96-021-181

CHANKERAN MANGRA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 28, 2005)

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Chankeran "Nadira" Mangra, a native and citizen of Guyana, petitions this

Court to review the decision of the Board of Immigration Appeals ("BIA")

affirming without opinion the Immigration Judge's ("IJ") removability decision and denial of asylum under the Immigration and Nationality Act ("INA").[1] For the reasons that follow, we deny the petition.

On appeal, Mangra argues the BIA committed legal error in determining she failed to meet her burden to establish that she suffered past persecution in Guyana, that she had a well-founded fear of future persecution if she returned to Guyana, and that she would be tortured if she returned to Guyana. In support of her argument, Mangra highlights her testimony about threats she and her husband received from members of the People's National Congress ("PNC"), her persecution based on her race (Indo-Guyanese), and her support of the People's Progressive Party ("PPP"). The IJ found that Mangra's credibility was "called into serious question in these proceedings" based on her admittedly false testimony to an immigration officer on two prior occasions and held that even if credible, Mangra did not demonstrate eligibility for INA or CAT relief.[2]

---

[1] We review only the denial of asylum under the INA. In her order, the IJ also denied relief under the United Nations Convention Against Torture and other Cruel, Inhumane, and Degrading Treatment or Punishment ("CAT") and withholding of removal under the INA. However, because we find that Mangra has not established a case for asylum, we decline to address her arguments that she satisfied the higher standards for withholding of removal under the INA or the CAT. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1292-93 (11th Cir. 2001); see also Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1288 n.4 (11th Cir. 2005) (where an applicant fails to establish a claim of asylum on the merits, her other claims for withholding of removal under the INA or under CAT generally fail).

[2] Mangra's petition comes to this Court after the passage of the REAL ID Act, Pub.L. 109-13, Div. B, 119 Stat. 231 (2005). Section 101(a)(3) of Title I of the REAL ID Act contains new

Because the BIA affirmed the IJ's order without opinion, we review the IJ's decision as if it were the BIA's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the IJ's legal determinations de novo. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). However, we examine factual findings, including determinations of credibility, under the substantial evidence test. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). Under the substantial evidence test, we will "affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quotation omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (withholding of removal claim). That evidence in the record may also support a contrary conclusion is not enough to justify a reversal. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004), cert. denied, --- U.S. ----, 125 S. Ct. 2245, 161 L. Ed. 2d 1063 (2005).

standards governing asylum and withholding-of-removal credibility determinations. See id. at §§ 101(a)(3) & (c). These standards are only applicable, however, to applications "made on or after" May 11, 2005 (the date of enactment). See id. at § 101(h)(2). Mangra's application was filed prior to May 11, 2005 and, accordingly, the new standards for credibility determinations do not apply to this case. Cf. Olujoke v. Gonzalez, 411 F.3d 16, 22 n. 4 (1st Cir. 2005) (acknowledging that the REAL ID Act contained new standards for reviewing credibility determinations, but determining that these standards were not applicable to an application for asylum that was filed before the enactment of the REAL ID Act); see also Chen v. Gonzales, 420 F.3d 707, 709 (7th Cir. 2005) (same).

3

To reverse the IJ's decision, the record must <u>compel</u> a contrary conclusion. <u>Yang v. U.S. Att'y Gen.</u>, 418 F.3d 1198, 1202 (11th Cir. 2005) (quotation omitted) (emphasis added).

An alien who arrives in or is present in the United States may apply for asylum. <u>See</u> INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). To qualify for asylum, the alien must be a "refugee." <u>See</u> INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is any person who is unwilling to return to her home country or to avail herself of that country's protection "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A).

The asylum applicant carries the burden of proving statutory "refugee" status. <u>See</u> <u>Al Najjar</u>, 257 F.3d at 1284; 8 C.F.R. § 208.13(a). The applicant satisfies this burden by showing, with specific and credible evidence: (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that his or her statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); <u>Al Najjar</u>, 257 F.3d at 1287. A "well-founded fear" of persecution may be established based on (1) past persecution that creates a presumption of a "well-founded fear" and by overcoming any rebuttal by the INS; (2) a reasonable possibility of personal persecution that cannot be avoided by relocating within the subject country; or (3) a pattern or practice in the subject country of persecuting

4

members of a statutorily defined group of which the alien is a part. See 8 C.F.R § 208.13(b)(1), (2).

The petitioner's well-founded fear of persecution must be on account of, or because of, one of the statutorily listed factors, such as her political opinion. See INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S. Ct. 812, 816, 117 L. Ed. 2d 38 (1992). The petitioner must establish this causal connection by "presenting specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of such an opinion." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (quotation omitted). Moreover, we held that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." Id. (quotation omitted).

An adverse credibility determination alone may be fatal to an asylum application. Forgue, 401 F.3d at 1287. Before addressing whether substantial evidence supports an adverse credibility determination, we first must determine whether the IJ even made an adverse credibility determination. Yang, 418 F.3d at 1201. If the IJ makes an adverse credibility finding, then the IJ must provide specific, cogent reasons for doing so or the finding must be based on substantial evidence. Forgue, 401 F.3d at 1287 (citation omitted). An adverse credibility finding must go to the heart of the applicant's claim and not be based on minor

5

inconsistencies or omissions. See Chebchoub v. I.N.S., 257 F.3d 1038, 1043 (9th Cir. 2001). After an adverse credibility finding is made, the applicant bears the burden of showing this decision was not supported by specific, cogent reasons or was not based on substantial evidence. Forgue, 401 F.3d at 1287. We will affirm a properly supported IJ's decision because we "may not substitute [our] judgment for that of the IJ with respect to credibility findings." Id. at 1286.

Here, the IJ's decision is supported by reasonable, substantial, and probative evidence and we are not compelled to reverse. Specifically, as found by the IJ, Mangra lied on two previous occasions about her husband being killed by PNC members, she gave inconsistent testimony, and embellished her claims of threats to her and her family. These discrepancies go to the heart of Mangra's claim of persecution.[3] On this record, Mangra has not met her burden to show the IJ's decision, including its credibility determination, was not supported by substantial evidence. Forgue, 401 F.3d at 1287. Accordingly, we deny her petition for review.

**PETITION DENIED**.

---

[3]We also observe that evidence in the record supported the possibility of reasonable relocation within Guyana, dispelling Mangra's claim of a well-founded fear of persecution. We have approved of a "country-wide requirement" in which a refugee must first pursue an "internal resettlement alternative" in his own country, or establish that this is not possible, before seeking asylum here. Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1326-27 (11th Cir. 2001).